## VERONICA REITZEL v. FANNY ECKARD.

Where A dies seized of land, leaving a widow, and B the son of A occupies the land jointly with A's widow, and thereafter B dies, when the widow of A applies and obtains dower in said land: *Held*, that the widow of B cannot be endowed of said land: the maxim, *dos de dote non peti debit*, applies.

Petition for Dower upon a case agreed, heard before *Mitchell, J*, at Spring Term, 1871, of CATAWBA Superior Court.

The facts were: the plaintiff was the widow of one Daniel Eckard, and afterwards intermarried with one Reitzel. William Eckard, the father of Daniel, died in 1838, seized and possessed of several tracts of land, which, under an order of Court was partitioned amongst his heirs at law. The part allotted to Daniel, the former husband of the plaintiff, included this homestead. This partition was made in 1839.

Daniel Eckard went into possession of the homestead in 1839, and continued so in possession, his mother, the widow of William Eckard, living with him, until 1865; when the said Daniel died, leaving surviving him, the defendant, his only heir at law.

The plaintiff, and the widow of William, continued the

21

possession until 1867, when plaintiff intermarried with Reitzel. In October, 1870, the widow of William Eckard had her dower assigned her which embraced the homestead ; she died in December, 1870, leaving the plaintiff and defendant living on the land. The plaintiff then filed this petition for dower, claiming the same on the said tract as the widow of Daniel Eckard.

*Bragg & Strong*, *Battle & Sons*, and *Ovide Dupre*, for plaintiff.

*Bynum* and *Blackmer & McCorkle*, for defendant.

PEARSON, C. J. *Dos de dote peti non debet*, is a maxim of the common law. The principle on which it rests is this : although by the descent, the seizure is cast upon the heir, yet when dower is assigned to the widow, her estate is an elongation of the estate of the husband ; and her seizure relates back, so as wholly to defeat the seizure of the heir; and in respect to the part of which dower is assigned, the heir was not in contemplation of law, seized at any time during coverture.

The following passage from Littleton, renders all further illustration unnecessary : If a disseizor die seized, and his heir enter, who endoweth the wife of the disseizor, of the third part of the land, in this case as to this part, which is assigned to the wife in dower ; presently after the wife entereth, and hath the possession of the same third part ; the disseizor may lawfully enter upon the possession of the wife, into the same third part, and, the reason is, for that when the wife hath her dower, she shall be adjudged in immediately by her husband, and not by the heir ; and so as to the freehold of the same third part, the descent is defeated. And so, you may see, that before the endowment, the disseizor could not enter into any part, and after endowment, he may enter upon the wife; but yet he cannot enter upon the other two parts, which the heir of the disseizor hath by descent. 2 Hargrave & But. Co. Lit. sec. 393.

The only case, to which the learned counsel were able to refer, which has the slightest tendency in opposition to the doctrine, *dos de dote*, is *Bear* v. *Snider*, 11 Wend. 592. Savage, C. J., concedes the maxim, and confines the plaintiff, to the part not covered by the dower of Mary Hall ; but adds : "and if she survives Mary Hall, she will be entitled to one third of the ninth part, which Mary Hall now has."

This is a new doctrine, and was not well considered ; for the learned judge gives a reason for his conclusion, which is not sound, and manifestly falls into error, by not adverting to the distinction, between *descent* and *purchase*. He says :

The rule on this subject is plainly illustrated in *Reeves Domestic Relations* 58, and quoted and adopted by Chief Justice Kent, 4 Kent Com. 64 :

" If A sells to B, and B to C, and C to D, and D to E, and the husbands all die leaving their respective wives living, the widow of A is entitled to be endowed of one third of the estate. The widow of B is entitled to be endowed of one third of what remains, after deducting the dower of the first wife ; the widow of C of one third of what remains, after deducting the dower of the wives of A and B ; and so on to the wife of D."

Leaving it to be inferred to be his conclusion, that at the death of the widow of A, the widow of B was entitled to dower in the whole tract ; and so on as to the widows of C, D and E. The correctness of this conclusion, cannot be questioned. But it will be noted that A, B, C, D and E all come in as purchasers. Lord Coke says, 31 b., 1 Hargrove & Butler's Co. Litt. "Note a diversity between a descent and a purchase. For, in the case aforesaid, if the grandfather had enfeoffed or made a gift in tail to him, then in the case aforesaid, the wife of the father, after the decease of the grandfather's wife, should have been endowed of that part assigned to the grandmother ; and the reason of this diversity, is, for that the seizure, that descended after the death of the grandfather, to the father, is avoided, by the endowment of the grandmother, whose title was con-

summated by the death of the grandfather; but in the case of the purchase or gift, that took effect in the life of the grandfather, (before the title of dower of the grandmother was consummate,) and is not defeated, but only *quoad the grandmother*, and in that case, there shall be *dos de dote*."

The learned counsel referred to another diversity taken by my Lord Coke; and relied upon it, not as directly supporting the plaintiff's right to dower, but as throwing a shade on the maxim, *dos de dote*, and tending to show, that it does admit of some exceptions. "For in the same case, after the decease of the grandfather, if the son entereth and endoweth his mother of a third part, against whom the grandmother recovereth a third part and dieth, the mother shall enter again into the land recovered by the grandmother, because she had in it an estate for the term of her life, and the estate of the grandmother is *lapse* in the eye of the law, as to her, than her own life."

An explication of this matter will be found, page 42 a. The amount of it is, that the son being bound, as representing the father, to assign dower to his grandmother, and being also bound as the heir of the father to assign dower to his mother; if he chose to enter and assign dower to the mother of one third of the whole, although she had to give way to the grandmother, yet after the grandmother's estate determined, there is nothing to prevent the mother *as against the son*, to set up the estate for her own life, in the whole, which she had by the act of the son ; for there was no forfeiture, no surrender and no merger, and the matter rested between her and her son, who is concluded by his act, in assigning dower of the whole.

The diligent student may also consult 4 Co. 122, "Bustard's case."

No error.

PER CURIAM.                Judgment affirmed.